# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER ANTHONY ETKINS, | )<br>) |
| Plaintiff, | ) Case No. 1:10-cv-216-SJM-SPB<br>) |
| v. | )<br>) |
| JUDY GLENN, *et al*., | )<br>) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff's complaint in this civil rights action was received by the Clerk of Court on September 1, 2010 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On November 22, 2011, this Court entered a Memorandum Judgment Order [36] in which it granted, in part, Defendants' motion to dismiss the complaint or, in the alternative, for summary judgment [21]. In particular, this Court denied the motion insofar as it pertained to Plaintiff's Eighth Amendment claim premised upon the alleged denial of pain medication and granted Defendants' motion in all other respects. Plaintiff has since filed a motion for reconsideration of my November 22, 2011 Memorandum Judgment Order [42], which is now pending before the Court.

Although courts have the power to revisit their own prior rulings in any circumstance, as a rule they "should be loathe to do so in the absence of extraordinary circumstances, such as where the initial decision was clearly erroneous and would make a manifest injustice." *In re Pharmacy Benefit Managers Antitrust Litigation,* 582

F.3d 432, 439 (3d Cir. 2009) (quoting *Christianson v. colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988)). Reconsideration is also appropriate where newly discovered evidence has become available or when a supervening new law has been announced. *Id. (citing public Interest Research Group of NJ, Inc. v. Magnesium Elektron*, 123 F.3d 111, 117 (3d Cir. 1997)). See also *Martsolf v. Brown,* 457 Fed. Appx. 167 (3d Cir. 2012). Having reviewed the Plaintiff's motion for reconsideration in light of this standard, I find no basis for revisiting my prior ruling of November 22, 2011 and, therefore, Plaintiff's motion for reconsideration will be denied.

Plaintiff has also sought leave to file an interlocutory appeal. Pursuant to 28 U.S.C. §1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

I do not find that this standard is satisfied here, as there is no reason to believe that an interlocutory appeal will materially advance the ultimate termination of this litigation.

In addition, Rule 54(b) of the Federal Rules of Civil Procedure allows a district court to direct entry of a final judgment as to one or more, but fewer than all, claims or parties upon an express determination that there is no just reason for delay. Fed. R. Civ. P. 54(b). No grounds have been presented that warrant a Rule 54(b) certification at this time. Accordingly, Plaintiff's motion for leave to file an interlocutory appeal will be denied.

AND NOW, to wit, this 3rd Day of May, 2012;

Upon consideration of Plaintiff's Motion for Reconsideration and for Interlocutory Appeal [42] and in light of the foregoing reasons,

IT IS ORDERED that said motion shall be, and hereby is, DENIED.

                                                 s/ <u>Sean J. McLaughlin</u>
                                                 SEAN J. McLAUGHLIN
                                                 United States District Judge

cm:    All parties of record

        U.S. Magistrate Judge Susan Paradise Baxter