IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROGER ANTHONY ETKINS, )
   Plaintiff ) C.A. 10-216 Erie
     )
  v.    ) District Judge McLaughlin
     ) Magistrate Judge Baxter
JUDY GLENN, et al.,  )
   Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that Plaintiff's "dispositive motion pursuant to Fed.R.Civ.P. 72(b)" be denied [ECF No. 58], Defendant's motion for summary judgment [ECF No. 21] be granted, and that this case be dismissed. It is recommended further that Plaintiff's motion for leave to file an amended complaint [ECF No. 55] and motion to amend original complaint and for joinder of persons [ECF No. 69] be dismissed as futile.

**II. REPORT**

 **A. Relevant Procedural History**

On September 1, 2010, Plaintiff Roger Anthony Etkins, a prisoner formerly incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean")[1], filed a *pro se* civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), along with a brief in support thereof, against the following Defendants: Judy Glenn, who, at all times relevant to this lawsuit, was a nurse practitioner employed by Public Health Services and assigned to FCI-McKean ("Glenn");

---

[1] Plaintiff is presently incarcerated at the Federal Correctional Institution at Otisville, New York.

Rodney Smith, who, at all times relevant to this lawsuit, was Health Services Administrator at FCI-McKean ("Smith"), and Eric Asp, a physician's assistant at FCI-McKean ("Asp"). [ECF Nos. 3, 4].

On October 18, 2011, this Court issued a Report and Recommendation recommending dismissal of all of Plaintiff's claims [ECF No. 33]. By Memorandum Order dated November 22, 2011, District Judge Sean J. McLaughlin adopted this Court's recommendation to dismiss Plaintiff's claims against Defendants Glenn and Smith, and said Defendants were terminated from this case. [ECF No. 36]. In addition, Judge McLaughlin adopted this Court's recommendation to dismiss Plaintiff's Eighth Amendment claim against Defendant Asp premised upon the alleged denial of a knee wrap; however, Judge McLaughlin declined to adopt this Court's recommendation to dismiss Plaintiff's Eighth Amendment claim against Defendant Asp premised upon the alleged denial of pain medication. [Id.]. As a result, the only claim remaining in this case is Plaintiff's Eighth Amendment claim that Defendant Asp "ignored [Plaintiff's] repeated written requests" for pain medication. (See ECF No. 4, Plaintiff's brief in support of complaint, at p. 4).

On May 16, 2012, Plaintiff filed a motion to amend complaint [ECF No. 55], in which he seeks to add FCI-McKean's pharmacist, Violet Greeza, as a Defendant in this action in conjunction with his claim that he was denied pain medication. Defendant Asp filed a response in opposition to Plaintiff's proposed amendment on June 22, 2012. [ECF No. 65].

In the interim, on June 15, 2012, Plaintiff filed a "dispositive motion pursuant to Fed.R.Civ.P. 72(b)", seeking the entry of judgment in his favor on his remaining claim against Defendant Asp. The Court more aptly construes Plaintiff's motion as a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Defendant has since filed a response to this motion [ECF No. 67]. Defendant also filed a motion for summary judgment on June 20, 2012 [ECF No. 62]. Plaintiff has filed a response to Defendant's motion [ECF No. 70], as well as another motion to amend complaint [ECF No. 69]. This matter is now ripe for consideration.

**B. Relevant Factual History[2]**

On or about February 27, 2009, Plaintiff was transferred from FCI-Pollock, Louisiana to FCI-McKean, where he was placed in general population. (ECF No. 64-1, Plaintiff's deposition transcript, at pp. 3, 6-7 (internal pp. 10, 14-15)). Prior to his arrival at FCI-McKean, Plaintiff had been prescribed Naproxen (500 mg, twice daily), for pain in his left testicle due to chronic epididymitis and for pain in his right knee due to osteoarthritis. (Id.). Plaintiff was also taking Acetaminophen (500 mg, 3 times a day), and Bimatoprost eye drops for glaucoma. (ECF No. 64-2, Plaintiff's medical records, at p. 15 (internal p. 96)).

On March 23, 2009, Plaintiff was examined by Dennis Olson, MD, a BOP physician, who prescribed a ten (10) day supply of Naproxen (500 mg, twice daily) as needed for pain. (Id. at pp. 14-16 (internal pp. 95-97)). On March 26, 2009, Plaintiff was examined by Defendant Asp, at which time Plaintiff requested pain medication for his chronic pain symptoms. (Id. at p. 11 (internal p. 91); ECF No. 64-1, Plaintiff's deposition transcript, at pp. 7-8 (internal pp. 15-16)). In response to Plaintiff's request, Defendant Asp prescribed a 120-day supply of Sulindac tablets (150 mg, twice daily), and a 14-day supply of Doxcycline (100 mg, twice daily). (ECF No. 64-2, Plaintiff's medical records, at p. 12 (internal p. 92); ECF No. 64-1, Plaintiff's deposition transcript, at pp. 9-10 (internal pp. 17-18)).

While in general population, Plaintiff was responsible for obtaining his medications from the prison pharmacy. (ECF No. 64-1, Plaintiff's deposition transcript, at pp. 11-12, 13-14 (internal pp. 19-20, 23-24)). The pharmacy records indicate that Plaintiff was provided a one month supply of Sulindac tablets on March 26, 2009, and another 30-day supply of Sulindac on April 27, 2009. (ECF No. 64-2, Plaintiff's medical records, at p. 17 (internal p. 167)).

On April 29, 2009, Plaintiff was placed in FCI-McKean's Special Housing Unit ("SHU"),

---

[2] The factual history has been gleaned from Defendant's concise statement of material facts [ECF No. 64], which is fully supported by Defendant's citations to the record and has been essentially unopposed by Plaintiff.

where he remained housed until his subsequent transfer to USP Canaan on August 7, 2009. (Id. at p. 2 (internal p. 71)). When Plaintiff was placed in the SHU, any medication that had been dispensed to his custody would have been returned to the prison pharmacy. The pharmacy was then responsible for re-issuing all necessary prescriptions to Plaintiff within 24-36 hours of the time he was placed in the SHU, and such re-issuance would not have been reflected in the medical record. (ECF No. 64-4, Declaration of Charles Montgomery, Health Services Administrator at FCI-McKean, at ¶ 6; ECF No. 64-3, Declaration of Defendant Asp, at ¶ 7; ECF No. 64-1, Plaintiff's deposition transcript, at pp. 16-17 (internal pp. 27-28)). However, Plaintiff alleges that although he received his prescription eye drops, he did not receive his pain medication, Sulindac, after being placed in the SHU. (ECF No. 64-1, Plaintiff's deposition transcript, at pp. 16-17 (internal pp. 27-28)). As a result, on May 3, 2009, Plaintiff submitted two written requests for the re-issuance of his pain medication – one directed to Defendant Asp and the other directed to the pharmacy. (Id. at pp. 18-19 (internal pp. 30-31)). Plaintiff asserts that he submitted a second written request for the pain medication to Defendant Asp on May 6, 2009. (ECF No. 70, Plaintiff's response to Defendant's motion, at p. 4).

      Plaintiff testified that Defendant Asp visited his cell on either Friday, May 8, 2009, or Monday, May 11, 2009, but because Plaintiff was "kind of slow getting down from the bunk," Defendant Asp walked away without talking to him. (Id. at p. 33). The record reflects that Defendant Asp visited Plaintiff's cell on May 12, 2009, and performed an exam, noting "left knee with edema" and a full range of motion. (ECF No. 64-2, Plaintiff's medical records, at p. 9 (internal p. 83)). At that time, Defendant Asp again prescribed a 120-day supply of Sulindac (150 mg, twice daily) for pain; however, the prescription was not dispensed by the prison pharmacy until May 19, 2009, at which time Plaintiff was provided a seven day supply of Sulindac. (Id. at pp. 10, 17 (internal pp. 84, 167)). Thereafter, Plaintiff continued to receive seven day supplies of Sulindac from the pharmacy until June 29, 2009, when a 30-day supply was dispensed. (Id. at p. 17 (internal p. 167)). In the meantime, Defendant Asp examined Plaintiff in the SHU on June 16, 2009, July 7, 2009, and July 28, 2009. (Id. at pp. 3-8 (internal

pp. 73-74, 76-77, 80-81)).

When Plaintiff was transferred to USP Canaan on August 7, 2009, Plaintiff was still receiving Sulindac for pain. (Id. at p. 2 (internal p. 71)). Plaintiff acknowledged that during the entire time period he spent in FCI-McKean's SHU, he was never hospitalized nor did he ever request to be seen in sick call for the pain he was experiencing. (ECF No. 64-1, Plaintiff's deposition transcript, at pp. 23-24 (internal pp. 52-53)).

### C. Standards of Review
#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56©. The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a

properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  Celotex, 477 U.S. at 322.  See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

      When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

      A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson, 477 U.S. at 248.  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D.     Discussion

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[3] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

---

[3] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

The essence of Plaintiff's claim against Defendant Asp is that he allegedly delayed responding to Plaintiff's written requests for the re-issuance of his pain medication, thus "prolonging the time period that the plaintiff had to suffer the pain in his testicle and the pain in his knee." (See ECF No. 70, Plaintiff's response to Defendant's motion, at p. 4). In particular, Plaintiff complains that Defendant Asp would have received Plaintiff's first written request on May 5, 2009, yet did not visit Plaintiff's cell until May 12, 2009. However, during his deposition, Plaintiff acknowledged that "sick call really wasn't the issue… the medication [Defendant Asp] generally prescribed would have been sufficient." (ECF No. 64-1, Plaintiff's deposition transcript, at p. 24 (internal p. 53)).

In short, Plaintiff's complaint is not that Defendant Asp failed to perform an examination or to treat Plaintiff's pain; rather, the sole focus of Plaintiff's claim is that Defendant Asp allegedly failed to timely respond to Plaintiff's request for the re-issuance of his Sulindac medication. In this regard, however, Plaintiff has acknowledged that Defendant Asp was merely responsible for prescribing the medication and that the prison pharmacy was ultimately responsible for re-issuing and delivering the medication to Plaintiff. (Id.). At the time Plaintiff submitted his written request to Defendant Asp seeking re-issuance of his pain

medication, Defendant Asp had already provided a prescription for Sulindac that was not due to expire until May 12, 2009. (See ECF No. 64-2, Plaintiff's medical records, at p. 17 (internal p. 167)). It was incumbent upon the pharmacy to re-issue the pain medication in accordance with this outstanding prescription. Unfortunately for Plaintiff, the pharmacy did not do so. Defendant Asp, however, provided a new prescription for Sulindac on May 12, 2009, the date on which the previous prescription had expired. This prescription was not filled by the pharmacy until May 19, 2009, which was beyond Defendant Asp's control.

Based on the foregoing, there is no evidence to support Plaintiff's claim that Defendant Asp was deliberately indifferent to his serious medical needs. As a result, summary judgment should be entered in favor of Defendant Asp on Plaintiff's sole remaining Eighth Amendment claim, and this case should be dismissed.

### E. Plaintiff's Motions to Amend Complaint

Plaintiff has filed two motions to amend the complaint in this matter. The first motion seeks to add the pharmacist at FCI-McKean who was allegedly responsible for re-issuing Plaintiff's Sulindac pain medication while he was in the SHU. [ECF No. 55]. In his motion, Plaintiff misidentifies the pharmacist as "Violet Greeza;" however, Defendant's opposition to Plaintiff's motion notes that the proper name of the pharmacist is Violette Ganoe (nee Geza). (See ECF No. 65, Defendant's opposition, at p. 2 n. 2). The second motion seeks to re-state Plaintiff's claims against original Defendants Judy Glenn and Rodney Smith, who were previously dismissed from this case. These proposed amendments will be addressed in turn.

#### 1. Violette Ganoe

Plaintiff seeks leave to amend his complaint to state an Eighth Amendment deliberate indifference claim against Violette Ganoe, who was the pharmacist at FCI-McKean at the time Plaintiff sought the re-issuance of his Sulindac pain medication. [ECF No. 55]. However, in support of their opposition to Plaintiff's motion, Defendants have submitted Ms. Ganoe's

Declaration, in which she declares that, while acting as the Chief Pharmacist at FCI-McKean, she was employed as a member of the United States Public Health Service ("USPHS") at all times relevant to the allegations set forth in this civil action. (ECF No. 71-1, Declaration of Violette Ganoe). As such, Ms Ganoe is statutorily immune from Plaintiff's claims pursuant to 42 U.S.C. §233(a), which provides, in pertinent part, as follows:

> The remedy against the United States provided by [the Federal Tort Claims Act] ... for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions ... By any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

The Third Circuit has construed 42 U.S.C. § 233(a) to confer absolute immunity from Bivens claims on USPHS members for injuries resulting from actions performed within the scope of their employment. Anderson v. Bureau of Prisons, 176 Fed. Appx. 242, 243 (3d Cir. 2006), citing Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000))("[U]nder 42 U.S.C. § 233(a), members of the Public Health Service are immune from suit in a Bivens action if the injury for which compensation is sought resulted from the performance of a medical or related function while acting within the scope of their office or employment").

In Hui v. Castaneda, ___ U.S. ___, 130 S.Ct. 1845 (2010), the Supreme Court agreed with the Third Circuit, and held that the plain language of § 233(a) does indeed bar Bivens actions against USPHS employees for actions performed within the scope of their employment. Hui, 130 S.Ct. at 1854 (held that members of the Public Health Service are immune from suit in a Bivens action if the injury for which compensation is sought resulted while acting within the scope of their office or employment).

Because Ms. Ganoe is a member of the Public Health Service and was acting within the scope of her employment at the time Plaintiff claims she failed to timely re-issue his Sulindac pain medication, she falls squarely within the protection of § 233(a) and is immune from Plaintiff's Bivens claims. Hui, 130 S.Ct. at 1854; Anderson, 176 Fed. Appx. at 243.

Accordingly, Plaintiff's motion for leave to file an amended complaint to add Ms. Ganoe as a Defendant in this action should be dismissed as futile.

### 2. Judy Glenn and Rodney Smith

Plaintiff also seeks leave to amend his complaint to re-state his claims against original Defendants Glenn and Smith, arguing that: (i) the claim against Defendant Glenn was improperly dismissed from this action based upon Plaintiff's failure to exhaust his administrative remedies because exhaustion is not required when only monetary relief is sought; and (ii) the claim against Defendant Smith was improperly dismissed from this case based upon his lack of personal involvement because he was liable in his role as supervisor. [ECF No. 69].

Plaintiff had the opportunity to raise both of the foregoing arguments in his objections to this Court's Report and Recommendation. [ECF No. 34]. The first argument pertaining to the dismissal of Defendant Glenn was not raised by Plaintiff in his objections, and he cannot now raise this argument as grounds for amending his complaint to re-state a claim that has already been dismissed. Conversely, Plaintiff did avail himself of the opportunity to raise the second argument pertaining to the dismissal of his claim against Defendant Smith; however, the argument failed to dissuade District Judge McLaughlin from adopting this Court's recommendation to dismiss such claim in his Memorandum Order dated November 22, 2011. [ECF No. 36]. Plaintiff cannot now attempt to revive this argument under the guise of seeking leave to amend his complaint. As a result, Plaintiff's motion to amend original complaint and for joinder of persons [ECF No. 69] should be dismissed as futile.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's "dispositive motion pursuant to Fed.R.Civ.P. 72(b)" be denied [ECF No. 58], Defendant's motion for summary judgment [ECF No. 21] be granted, and that this case be dismissed. It is recommended further that Plaintiff's motion for leave to file an amended complaint [ECF No.

55] and motion to amend original complaint and for joinder of persons [ECF No. 69] be dismissed as futile.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).


                                                  /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  United States Magistrate Judge


Dated: August 2, 2012

cc:      The Honorable Sean J. McLaughlin
           United States District Judge